IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERICA C. WILLIAMS** | : | **CIVIL ACTION** |
| | : | |
| vs. | : | |
| | : | NO. 06-3941 |
| **MICHAEL J. ASTRUE,** | : | |
| **Commissioner, of Social Security** | : | |
| **Administration** | : | |

### ORDER AND MEMORANDUM

### O R D E R

**AND  NOW**, this 9th day of October, 2007, upon consideration of plaintiff's Motion for Summary Judgment and her Request for Review (Document No. 9), Defendant's Response to Request for Review (Document No. 10), Plaintiff's Reply (Document No. 11), and the record in the case, and after careful review of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge dated July 31, 2007 (Document No. 13), Defendant's Objections to the Magistrate Judge's Report and Recommendation (Document No. 14), and Plaintiff's Objections to Defendant's Objections (Document No. 15), **IT IS ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge David R. Strawbridge dated July 31, 2007 is **APPROVED** and **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment and Request for Review is **GRANTED** to the extent that it seeks a remand to the Commissioner of Social Security for further proceedings, and **DENIED** in all other respects;

3. Defendant's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**;

4. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED** as unnecessary and moot;

5. The decision of Michael J. Astrue, Commissioner of Social Security, is **REVERSED**; and,

6. The case is **REMANDED** to Michael J. Astrue, Commissioner of Social Security, in accordance with the fourth sentence of U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation of United States Magistrate Judge David R. Strawbridge dated July 31, 2007.

## MEMORANDUM

The facts are set forth in detail in the Report and Recommendation of United States Magistrate Judge David R. Strawbridge dated July 31, 2007. This Court writes only to explain its reason for denying the Objections of the Commissioner of Social Security ("Commissioner").

The Magistrate Judge recommended finding in favor of the Commissioner on three of the four issues presented by plaintiff. On the fourth issue, the Report and Recommendation states that the Administrative Law Judge's ("ALJ") conclusion that plaintiff was not disabled under the Social Security Act is not supported by substantial evidence in that the conclusion is dependent upon evidence of the vocational expert which was flawed due to deficiency in the hypothetical question. That statement in the Report and Recommendation is based on the fact that the hypothetical question did not include reference to the evidence that plaintiff had limitations in concentration, persistence and pace.

The Commissioner, citing pages 52 and 53 of the record in his Objections, argues that plaintiff's counsel's interrogation of the vocational expert cured any defect in the hypothetical

question. Specifically, the Commissioner points to the following question and answer at page 52 of the record ;

> Q    If you were to credit the testimony of my client concerning her lack of concentration, deficits of concentration and her paranoid of, of being out in public, would she be able to perform those jobs that you've mentioned?
>
> A    Yeah, they, they were simple unskilled and usually they require, you're not working in the public, you know, you're working in office or in a area where you're not with crowds.

This Court agrees with the Magistrate Judge that the ALJ did not properly address plaintiff's limitations in concentration, persistence and pace. The ALJ should have included such limitations in the hypothetical question to the vocational expert. The fact that plaintiff's attorney elicited that information in his questioning of the vocational expert - the vocational expert testified in response to counsel's question that, crediting plaintiff's testimony concerning her lack of concentration, she would be able to perform the jobs about which the vocational expert testified in direct examination- is not determinative because the ALJ did not rely on that question and answer and did not address those limitations. It is for that reason that this Court determined it was appropriate to remand the case to the Commissioner so as to give the ALJ an opportunity to consider plaintiff's limitations in concentration, persistence and pace notwithstanding the fact that the record may well provide substantial evidence to support the decision of the ALJ.

                **BY THE COURT:**

                **/s/ Honorable Jan E. DuBois**

                **JAN E. DUBOIS, J.**